IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS G. ALLEN, B87309, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JAMES JOHNSON (Sheriff of | ) |
| Saline Cnty.), | )   Case No. 23-cv-948-DWD |
| JILL MOORE, | ) |
| JOHN DOES (Sheriff's deputies), | ) |
| JAMES JOHNSON, JR., | ) |
| JOHN DOE 1 (Front desk officer), | ) |
| JOHN DOE 2 (doctor, medical staff), | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on pro se Plaintiff Travis G. Allen's Amended Complaint. (Doc. 14). Plaintiff is now incarcerated at Southwestern Illinois Correctional Center, but his complaint concerns events that occurred at the Saline County Jail ("the Jail"). Plaintiff now seeks to re-add a claim about a bed bug infestation at the Jail, and to broaden his claims about his need for medical care. (Doc. 14). Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

On August 17, 2023, the Court allowed Plaintiff to proceed on two claims related to his detention at the Jail, and it directed service of process for those claims (and upon the Sheriff, James "Whipper" Johnson, to identify the John Doe). (Doc. 8). The claims the Court identified were:

**Claim 1:** **Fourteenth Amendment deliberate indifference claim against Defendant Moore for refusing medical treatment;**

**Claim 2:** **Fourteenth Amendment deliberate indifference claim against Defendants Johnson and John Doe 1 for refusing a wheelchair;**

By contrast, the Court dismissed claims against other "Doe" defendants as overly generic, and it dismissed claims related to a bed bug infestation. Service of process began, and Defendants Jill Moore and James "Whipper" Johnson returned an executed waiver of service on September 14, 2023. The next day, the Court received Plaintiff's amended complaint, which reiterates Claims 1 and 2 as described above, and attempts to re-add claims against Doe defendants related to medical care and against the Sheriff related to the bed bug issue.

Plaintiff's amended complaint was received within 21 days of service on some of the defendants, and while service was pending on James Johnson, Jr., so Plaintiff did not need leave to file this pleading. Fed. R. Civ. P. 15(a)(1). The Court will now review the amended pleading.

## The Amended Complaint

In addition to the claims that already proceeded against Defendants Moore, James Johnson Jr., and John Doe 1 (the front desk officer), Plaintiff now re-presents allegations about his need for medical care at the jail. Specifically, he alleges that he had frostbitten

toes, and because the medical staff did not address this condition his toes eventually began to die off and he had gangrene. He alleges he "showed [his] feet to jail staff and begged for medical attention, staff neglected to treat me, and only gave me gauze to wrap wounds 1 time." (Doc. 14 at 6). He showed his foot to jailers, and they observed blood, puss, and missing toenails, but they neglected his needs despite realizing he was suffering in pain.

Plaintiff also attempts to re-present a claim against Sheriff James Johnson for failing to implement a policy to target a bedbug infestation at the Jail. He claims the bedbug infestation lasted for seven months, during which time he had bed bugs crawling on him 24 hours a day and he was unable to sleep for days at a time. He also sought, but did not receive, medical treatment for his "wounds" from the bedbugs. He alleges the only remedy offered was "bug spray," which the inmates were forced to use while in their cells. He claims the spray was toxic.

Based on the allegations in the Amended Complaint, the Court designates the following additional claims:

> **Claim 3:** **Fourteenth Amendment deliberate indifference claim against "John Doe" medical staff for their refusal to treat Plaintiff's frostbite or gangrene infection;**
>
> **Claim 4:** ***Monell* policy claim against Sheriff James Johnson for failing to implement a policy to combat the bed bug infestation.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without

prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

Plaintiff has now confirmed in his Amended Complaint that he was a pretrial detainee at the time his claims arose, so his claims are assessed under the Fourteenth Amendment. (Doc. 14 at 6). A pretrial detainee's Fourteenth Amendment right to medical care is violated if: (1) there was an objectively serious medical need; (2) the defendant made a volitional act with regard to the plaintiff's medical need; (3) that act was objectively unreasonable under the circumstances in terms of treating or assessing the patient's serious medical need; and (4) the defendant "acted purposefully, knowingly, or perhaps even recklessly" with respect to the risk of harm. *Miranda v. Cty. Of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2019).

Here, Plaintiff has again identified a medical condition that appears "objectively serious," but his naming of John Doe defendants is still too ambiguous for purposes of § 1983. As the Court previously explained, § 1983 liability is premised entirely on the violation of rights by an individual's own actions. *See e.g., Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (§ 1983 liability requires a plaintiff to show a connection between the sued official and the alleged misconduct, because individual liability requires personal involvement). It is acceptable to name "John Doe" defendants in a lawsuit if they are later identified by name, but the allegations must at least be specific enough to know which unnamed person took which actions. Plaintiff still makes overly

generic allegations, and the Court cannot even tell if it was jail officers or medical staff that refused care. He alleges he showed "jailers" his foot, and they neglected him, but it is not clear if they made any effort to get medical care. Thus, it is also not obvious if it was the front-line "jailers" that refused care, or if it was the actual medical staff. As such, Claim 3 is still insufficient as pled, and is dismissed for failure to state a claim.

Next, the Court turns to the bed bug policy claim against Sheriff James Johnson. Plaintiff alleges that Johnson failed to enact a policy to combat the bed bug infestation at the Jail. A local government entity may be liable for monetary damages under § 1983 if a plaintiff alleges that the unconstitutional act identified was caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) *citing Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 690 (1978). An official might also be liable for the failure to make a policy if the need for a policy is obvious, and the lack of a policy presents a clear risk of harm. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (the absence of a policy might reflect a decision to act unconstitutionally, though this is a narrow avenue to relief).

The Court notes that Plaintiff's allegations about the bed bug infestation and the lack of policy to mitigate it are tenuous, but at this initial juncture, the claim will be allowed to proceed. Ultimately, Plaintiff will have to establish both that the bed bugs were so severe it constituted cruel and unusual punishment, and that the Sheriff decided to act unconstitutionally in the face of this problem. These will be high hurdles to clear.

*See e.g., Robinson v. Milwaukee Secure Detention Facility*, 2016 WL 3620770 at * 2 (E.D. Wisc. June 29, 2016) (finding that a few bedbug bites were not sufficient for an Eighth Amendment claim); *but compare with Gray v. Hardy*, 826 F.3d 1000, 1007-08 (7th Cir. 2016) (finding that a severe cockroach and rodent infestation was sufficient to present a triable Eighth Amendment claim where cockroaches infested cells 24/7 posing a health and a psychological hazard); *Petropoulos v. City of Chicago*, 2021 WL 1103480 at *7-8 (N.D. Ill. Mar. 23, 2021) (finding that an absence of policy claim is subject to rigorous standards of culpability and causation).  For now, Plaintiff may proceed on Claim 4, and the Sheriff James Whipper Johnson will be served with a copy of the amended complaint for this claim.

## Service of Process

On August 21, 2023, the Court issued requests for waivers of service to Defendants Jill Moore, J. Johnson Jr., and James "Whipper" Johnson. (Doc. 10).  Moore and James "Whipper" Johnson returned executed waivers, but they also indicated that J. Johnson Jr. did not work at the Jail, so they would not return an executed waiver on his behalf. (Doc. 15).  The Court addressed this issue on October 6, 2023, and **DIRECTED** James "Whipper" Johnson to provide the Clerk of Court with any contact information he has to effectuate service of process on J. Johnson Jr..  To date, Johnson's counsel has not provided any such information.  Accordingly, James Whipper Johnson's counsel is **DIRECTED to SHOW CAUSE** within 21 days of this Order as to why this information has not been provided, or to provide further explanation as to why this information is not available.

### John Doe 1 (front desk officer)

The Court allowed Plaintiff to proceed on Claim 2 against John Doe 1, the front desk officer at the Jail who allegedly denied Plaintiff a wheelchair during visiting hours at the Jail.  Plaintiff shall have until **December 4, 2023**, to produce to James "Whipper" Johnson any information he possesses which will help identify the John Doe 1, the front desk officer, including but not limited to: physical description(s), specific job assignment(s), partial name(s)/nickname(s), and locations and dates where Plaintiff interacted with the John Doe(s).

Defendants shall have until **December 21, 2023**, to produce to Plaintiff the identity of the John Doe(s) or, if Defendant is unable to make a specific identification, any document or information which would assist in the identification of the John Doe(s); Defendant is not required to produce photographs of employees or inmates.

Plaintiff shall have until **January 5, 2024**, to file a motion to substitute specific Defendant(s) for the John Doe(s) or, if the John Doe(s) remain unidentified, to file a motion specifying additional steps that can be taken to identify the John Doe(s). Failure to file a motion to substitute by this date will result in the dismissal of the John Doe(s) without prejudice.

### Disposition

**IT IS HEREBY ORDERED THAT Claim 4** of the Amended Complaint (Doc. 14) survives initial screening as described above against Defendant James "Whipper" Johnson in his official capacity as the Sheriff.  By contrast, Claim 3 against the John Doe

medical staff is insufficient, and the Clerk of Court is **DIRECTED** to **TERMINATE** the John Does "Sheriff's deputies" and the John Doe 2 "doctor/medical staff."

The Clerk of Court is **DIRECTED** to prepare for Defendant James "Whipper" Johnson (official capacity for Claim 4): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 14), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **<u>Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.</u>**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that she is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate her whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  Fed. R. Civ. P. 41(b).

As explained above, Defendant James "Whipper" Johnson must **SHOW CAUSE** within 21 days about service on J. Johnson Jr.

The parties are also **DIRECTED** to follow the steps set out above to identify John Doe 1 (the front desk officer).

**IT IS SO ORDERED.**

Dated: November 9, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge